IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:17-CR-3010 |
| vs. | |
| LEOBARDO GAMEZ ZAVALA, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court upon initial review of the pro se motion to vacate under 28 U.S.C. § 2255 (filing 57) filed by the defendant, Leobardo Gamez Zavala. The motion was timely filed less than 1 year after the defendant's conviction became final. *See* § 2255(f). The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show that the movant is entitled to no relief. § 2255(b); *Sinisterra v. United States*, 600 F.3d 900, 906

(8th Cir. 2010). Accordingly, a motion to vacate under § 2255 may be summarily dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Sinisterra*, 600 F.3d at 906.

## BACKGROUND

The defendant was charged with one count of conspiring to distribute 500 grams or more of a methamphetamine mixture and one count of possessing methamphetamine with intent to deliver it. Filing 29. He pled guilty to the conspiracy count pursuant to a plea agreement. Filing 42; filing 43; filing 47. The plea agreement provided that the government would dismiss the possession charge at sentencing. Filing 43 at 1. The plea agreement also provided, pursuant to Fed. R. Crim. P. 11(c)(1)(C), that the defendant would be sentenced to 120 months' imprisonment. Filing 43 at 3. The defendant waived his rights to appeal and collateral attack, except for claims that the charge failed to state a crime or that the defendant received ineffective assistance of counsel. Filing 43 at 4. There were no cooperation provisions in the agreement. Filing 43.

In his petition to enter a guilty plea, the defendant indicated his understanding that the mandatory minimum sentence for the conspiracy charge was 120 months' imprisonment. Filing 42 at 6. He was told at the change of plea hearing that he faced a mandatory minimum sentence of 120 months' imprisonment, and he said he understood. Filing 47 at 10-11. He said he understood the plea agreement was binding and provided for a sentence of 120 months' imprisonment. Filing 47 at 15-16. He was told that if he decided

to cooperate with the government, the government was not required to do anything in exchange—that is, that it was up to the government to decide whether to ask for the defendant's sentence to be reduced. Filing 47 at 17. He said he understood that, and that the Court was not required, even then, to reduce his sentence. Filing 47 at 17-18. And the Court explained the waiver of appeal and collateral attack, which the defendant also said he understood. Filing 47 at 18-19. Finally, the defendant also said no one had made promises to him that were not in the plea agreement. Filing 47 at 19.

The Court accepted the defendant's plea of guilty. Filing 48. The presentence report established a criminal history category I, assessing a single criminal history point based on a 2010 Iowa conviction for forgery. Filing 50 at 9. The sentencing recommendation noted, however, that the defendant "has not met the criteria as set for[th] at USSG 5C1.2(a)(5) and does not qualify for the 'safety valve.'" Filing 51 at 1. At sentencing, the Court accepted the plea agreement and sentenced the defendant to 120 months' imprisonment. Filing 55 at 2. The defendant was also provided with a notice of his right to appeal, which he signed. Filing 53. He did not appeal.

## DISCUSSION

The defendant claims that he received ineffective assistance of counsel. Filing 57 at 5. To establish a claim of ineffective assistance of counsel, the defendant must show that his attorney's performance was deficient and that this prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance can be shown by demonstrating that counsel's performance fell below an objective standard of reasonableness. *Id*. at 688. However, the Court's scrutiny of counsel's performance is highly deferential, because the Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689.

In the context of a challenge to a guilty plea, the deficient performance and prejudice are demonstrated if the defendant can prove that (1) his counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-60 (1985); *Tinajero-Ortiz v. United States*, 635 F.3d 1100, 1103 (8th Cir. 2011).

The defendant lists a number of ways in which he alleges that his counsel was ineffective, but it is notable what he does *not* allege: that but for the alleged errors, he would not have pleaded guilty. And the ways in which he claims he was uninformed are largely contradicted by the record.

To begin with, the defendant claims that he did not know that by signing the plea agreement he was giving up his right to appeal and collateral attack. Filing 57 at 5. But as set forth above, the Court expressly advised him of that, and he said he understood. A defendant's representations during plea-taking, such as those concerning the voluntariness of the plea, carry a strong presumption of verity, and pose a formidable barrier in any subsequent collateral proceedings. *Nguyen v. United States,* 114 F.3d 699, 703 (8th Cir. 1997). Moreover, the defendant was again advised of his right to appeal at sentencing, but did not—and there is nothing to indicate that his decision not to appeal was somehow the result of his plea agreement.

The defendant also asserts that he was promised he would get a lower sentence than 120 months. Filing 57 at 5. That contention is simply unsustainable. The defendant was repeatedly told that he faced a mandatory minimum sentence of 120 months, and was specifically told that a 120-month sentence was *required* by his plea agreement. Furthermore, there is

abundant circuit precedent holding that inaccurate advice of counsel about the sentencing guidelines or likely punishment does not render involuntary a defendant's decision to plead guilty, so long as the defendant is informed of the maximum possible sentence permitted by statute and the court's ability to sentence within that range.

*United States v. Quiroga,* 554 F.3d 1150, 1155 (8th Cir. 2009); *accord United States v. Guardado,* 863 F.3d 991, 993 (8th Cir. 2017); *Walker v. United States,* 810 F.3d 568, 578 (8th Cir.), *cert. denied,* 136 S. Ct. 2042 (2016). Here, the defendant was informed of well more than the possible sentencing range—he was told, specifically and repeatedly, that he would be sentenced to 120 months' imprisonment.

The defendant also claims that his "criminal background was unfairly enhanced" because does not "have any record but this offense prevented [him] from having the 'safety valve.'" Filing 57 at 6. That's simply incorrect. U.S.S.G. § 5C1.2(a) (and 18 U.S.C. § 3553(f)) provide that a defendant qualifies for safety valve relief if:

(1) he does not have more than 1 criminal history point;

(2) he did not use violence or threats of violence, or possess a firearm or other dangerous firearm in connection with the offense;

(3) the offense did not result in death or serious bodily injury;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the

> offense or offenses that were part of the same course of conduct or of a common scheme or plan.

§ 5C1.2(a). So, the defendant's criminal history did not affect his safety valve qualification, because he had only 1 criminal history point. Instead, the sentencing recommendation specifically referred to "U.S.S.G. § 5C1.2(a)(5)"—that is, the defendant was not eligible for the safety valve because he had not truthfully provided the government with all the information and evidence he had concerning the offense. *See* filing 51 at 1. The defendant contends that he "was misled by [his] lawyer into going through the motions of it and [] had an interview with the agents for that purpose[,]" but he blames his criminal history and his lawyer for his failure to qualify when the record is clear that the failure was his own.

The defendant also suggests in passing that the "government breached the [plea] agreement by failing to give [him an] opportunity to cooperate." Filing 57 at 6 (citing *United States v. Laday*, 56 F.3d 24 (5th Cir. 1995)). But the plea agreement at issue in *Laday* expressly required the government to file a motion for downward departure at sentencing pursuant to U.S.S.G. § 5K1.1 if the defendant had provided substantial assistance to the government. *See Laday*, 56 F.3d at 25 n.1. Such a promise in a plea agreement can bind the government. *See United States v. Johnson*, 241 F.3d 1049, 1054 (8th Cir. 2001). But here, the government made no such promise. *See United States v. Marks*, 244 F.3d 971, 974-75 (8th Cir. 2001); *see also United States v. Triana*, 372 F. App'x 20, 23 (11th Cir. 2010). And the defendant was told that any sentence reduction based on cooperation would be entirely at the government's discretion.

In sum, the defendant was completely informed about his sentence when he entered his guilty plea. His plea was knowing and voluntary, and

the alleged deficient performance by his counsel (if any) could not have prejudiced him. Nor does he allege that, absent the performance of counsel, he would have insisted on going to trial. Accordingly, his claim of ineffective assistance of counsel is without merit.

## CONCLUSION

The defendant's allegations either entitle him to no relief, or are contradicted by the record. Accordingly, his § 2255 motion will be summarily dismissed. A movant cannot appeal an adverse ruling on his § 2255 motion unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, the movant must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012).

In this case, the defendant has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised are debatable among reasonable jurists, that a Court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability.

IT IS ORDERED:

1. The defendant's pro se motion to vacate under 28 U.S.C. § 2255 (filing 57) is denied.

2. The Court will not issue a certificate of appealability in this matter.

3. A separate judgment will be entered.

4. The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

Dated this 20th day of April, 2018.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge